UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIE COLLON WEST,

          Petitioner,

                                          2:08-cv-6-FtM-29SPC
vs.                                       2:05-cr-124-FTM-29SPC

UNITED STATES OF AMERICA,

          Respondent.
_____

## **OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #1).  On December 29, 2008, the undersigned referred to the magistrate judge the issue of whether petitioner was denied effective assistance of counsel when his attorney failed to file a direct appeal.  On April 1, 2009, the magistrate judge filed a Report and Recommendation (Doc. #21) finding, among other things, that counsel had been ineffective in failing to file a notice of appeal and recommending that the motion be granted.

After reviewing the Report and Recommendation, the Court accepts and adopts its findings and conclusions as to the ineffective assistance of counsel in failing to file a notice of appeal.  Petitioner is entitled to a belated appeal because of the ineffective assistance of counsel in failing to file a notice of appeal.  Therefore, the procedure described in <u>United States v.</u>

Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000) will be applied to this case.  Pursuant to McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002), the Court will dismiss without prejudice the remainder of petitioner's current § 2255 motion.

Accordingly, it is now

**ORDERED**:

1.  The Magistrate Judge's Report and Recommendation (Doc. #21) is **accepted and adopted** to the extent that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #1) is **GRANTED** as to ineffective assistance of counsel in failing to file a notice of appeal.

2.  The remaining issues raised in the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #1) are **dismissed without prejudice**.

3.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #1) is **GRANTED IN PART AND DISMISSED IN PART** as set forth above.  The Clerk shall enter a judgment in the civil case granting in part and dismissing in part the Petition.

4.  In Case No. 2:05-cr-124-FtM-29SPC, the Judgment in a Criminal Case (Doc. #73) as to Willie Collon West is **vacated.**

5.  Defendant Willie Collon West is **re-sentenced** to the same sentence as originally imposed in the Judgment in a Criminal Case (Case No. 2:05-cr-124, Doc. #73), and the Clerk of the Court shall

enter a new Judgment in a Criminal Case imposing the same terms as originally imposed.

6. Attorney Mark J. O'Brien is appointed in the criminal case to represent petitioner in the direct appeal of his criminal conviction and sentence.

7. The Clerk shall file a certified copy of the civil judgment in the associated criminal file, and close the civil case file.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of April, 2009.

_____
JOHN E. STEELE
United States District Judge


Copies:
Magistrate Judge
Counsel of Record
DCCD